UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Thomas Copley, Marvin Coyner, and Elizabeth Evans,<br><br>                              Plaintiffs,<br><br>        v.<br><br>ZF TRW Automotive Holdings Corp., Hyundai Motor America, Inc., and Kia Motor America, Inc.,<br><br>                              Defendants. | No. 2:19-cv-00707<br><br>COMPLAINT – CLASS ACTION<br><br>JURY DEMAND |

# Table of Contents

I.  INTRODUCTION ................................................................................................... 1

II. PARTIES ............................................................................................................... 3

    A.  Defendants ................................................................................................. 3

    B.  Plaintiffs ..................................................................................................... 4

III. JURISDICTION AND VENUE ............................................................................ 4

IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS ............................. 5

    A.  The Airbag Control Unit Defect and Investigation ................................... 5

    B.  Defendants Knew About the ACU Defect .................................................. 8

    C.  Defendants Concealed the Defect ............................................................ 15

V.  CLASS ACTION ALLEGATIONS ..................................................................... 16

    A.  Class Definitions ...................................................................................... 16

    B.  Class Certification Requirements ............................................................ 18

VI. EQUITABLE TOLLING ..................................................................................... 21

    A.  Discovery Rule ......................................................................................... 21

    B.  Fraudulent Concealment .......................................................................... 22

    C.  Estoppel .................................................................................................... 22

VII. CLAIMS FOR RELIEF ...................................................................................... 22

    A.  Claims Asserted on Behalf of the Nationwide Class ............................... 22

    COUNT I BREACH OF IMPLIED AND EXPRESS WARRANTY
    Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq*.) ............................ 22

    COUNT II FRAUD BY CONCEALMENT ................................................................ 25

    COUNT III VIOLATIONS OF THE CALIFORNIA UNFAIR
    COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, *et seq*.) .................... 27

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COUNT IV VIOLATIONS OF THE CONSUMER LEGAL REMEDIES
ACT (Cal. Civ. Code § 1750 *et seq.*) .................................................. 30

B.      Claims Brought On Behalf of the State Classes ................................... 34

COUNT V VIOLATION OF THE SONG-BEVERLY WARRANTY
ACT  (Cal. Civ. Code § 1790 *et seq.*) .................................................. 34

COUNT VI VIOLATIONS OF THE WASHINGTON CONSUMER
PROTECTION ACT (Wash. Rev. Code §§ 19.86.010, *et seq.*) ......................... 36

COUNT VII BREACH OF THE IMPLIED WARRANTY OF
MERCHANTABILITY (Wash. Rev. Code §§ 62A.2-314 and
62A.2A-212) ........................................................................... 38

COUNT VIII WASHINGTON "LEMON LAW" (Wash. Rev. Code §
19.118.005, *et seq.*) .................................................................. 38

COUNT IX ARIZONA CONSUMER FRAUD ACT (Ariz. Rev. Stat.
§ 44-1521, *et seq.*) .................................................................. 40

COUNT X BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY (Ariz. Rev. Stat. §§ 47-2314 and 47-
2A212) ............................................................................... 42

VIII.   PRAYER FOR RELIEF ............................................................... 43

IX.     DEMAND FOR JURY TRIAL ......................................................... 45

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs bring this action on behalf of themselves and all others similarly situated, against Defendant ZF TRW Automotive Holdings Corp. ("ZF-TRW"), Hyundai Motor America, Inc. ("HMA" or, with its corporate parents and affiliates, "Hyundai"), and Kia Motor America, Inc. ("KMA" or, with its corporate parents and affiliates, "Kia"). Plaintiffs allege the following based upon information and belief, the investigation of counsel, and personal knowledge as the factual allegations pertaining to themselves.

## I.      INTRODUCTION

1.      This case arises out of a longstanding and knowing failure by automakers and a major parts supplier to disclose a potentially deadly defect in an essential safety system: the control unit that determines whether and when airbags are deployed.

2.      The defect involves an Airbag Control Unit ("ACU") designed and manufactured by Defendant ZF TRW Automotive Holdings Corp. and supplied to numerous vehicle manufacturers, including Hyundai and Kia. The ACU defect is especially pernicious because it manifests itself only when an accident occurs, and the safety features it controls are most needed: in a crash. In a vehicle collision, an integrated circuit integral to the ACU system can be overstressed by the electrical signals from the sensors connected to it and fail as a result, preventing deployment of the airbags and seatbelt pretensioners.

3.      The National Highway Traffic Safety Administration has announced that approximately 12.3 million vehicles may contain a defective ACU. Much like the recent Takata airbag scandal—which has involved tens of millions of vehicles and has resulted in a massive recall and $1.5 billion in class action settlements so far—these Defendants concealed and failed to disclose a dangerous and potentially deadly defect in essential automotive safety systems from their customers. Each Defendant knew about the defect for years before they took any action to inform consumers or repair defective vehicles.

4.      Between 2011 and 2015, HMA, KMA, and ZF-TRW investigated airbag failures in Hyundai and Kia vehicles equipped with ZF-TRW ACU systems, but did not inform NHTSA

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of any problem until late in 2015. HMA and KMA finally issued recalls for some vehicles in 2018 while continuing to downplay the serious risks posed by the defect. By that time, numerous injuries and several deaths had already occurred as a result of the defect, and the risk remains unmitigated in millions of vehicles. The Associated Press reports that at least four deaths have resulted from this defect in Hyundai and Kia vehicles. Meanwhile, HMA and KMA continued to sell vehicles equipped with dangerously defective parts.

5.     In short, ZF-TRW apparently conspired with HMA and KMA to conceal a dangerous and potentially deadly defect that already existed in millions of vehicles in order to continue selling defective parts for installation in new vehicles. As a result of this conduct, Plaintiffs and members of the putative classes alleged herein suffered actual damages, because they did not receive the benefit of their bargain in purchasing or leasing affected vehicles.

6.     Class Vehicles include the 2013 Model Year ("MY") Kia Forte, 2013 MY Kia Forte Koup, 2013-2019 MY Kia Optima, 2012-2016 MY Optima Hybrid, 2014 MY Kia Sedona, 2013-2019 MY Hyundai Sonata, and 2013-2019 MY Hyundai Sonata Hybrid. The list of class vehicles may expand as discovery proceeds.

7.     The vehicles purchased or leased by Plaintiffs and members of the putative classes are and were at the time of purchase of a lesser standard and quality than represented and were not fit for the ordinary purpose of providing safe transportation for which they were purchased. Each purchaser or lessee of an affected vehicle paid more than they would have if the truth about the ACU defect had been disclosed to them. Meanwhile, each Defendant profited from the continued installation of defective parts in new vehicles and the delay in recalling their dangerously defective products. The Defendants' concealment of the true nature of the affected vehicles induced and caused the Plaintiffs and members of the classes to purchase and/or lease, and to continue to own, lease, and/or operate, Hyundai and Kia vehicles of diminished value. Plaintiffs and Class members have also suffered damages in the form of out-of-pocket costs related to the loss of use of affected vehicles.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.     PARTIES

**A.     Defendants**

8.     Defendant **ZF TRW Automotive Holdings Corp. (ZF-TRW)** is a major automotive parts supplier. ZF-TRW is incorporated in Delaware and is headquartered at 12001 Tech Center Drive, Livonia, Michigan. ZF-TRW was formed in May 2015 following the acquisition of predecessor entity TRW Automotive Holdings Corp. by German multinational parts supplier ZF Friedrichshafen AG.

9.     Defendant **Hyundai Motor America, Inc. (HMA)** is a manufacturer and distributor of new motor vehicles under the Hyundai brand and is incorporated and headquartered in the state of California. Its principal place of business is located at 10550 Talbert Avenue, Fountain Valley, California. Hyundai Motor America distributes, markets, leases, warrants, and oversees regulatory compliance and warranty servicing of Hyundai brand vehicles through a network of over 800 dealers throughout the United States from its headquarters in California. Hyundai Motor America also creates and distributes the warranties and other written materials that accompany the sale and lease of Hyundai-branded vehicles throughout the United States, and makes decisions concerning warranty coverage of customer vehicles when problems arise.

10.     Defendant **Kia Motors America, Inc. (KMA)** is a manufacturer and distributor of new motor vehicles under the Kia brand and is incorporated and headquartered in the state of California. Its principal place of business is located at 111 Peters Canyon Road, Irvine, California. Kia Motors America, Inc. markets, leases, warrants, and oversees regulatory compliance and warranty servicing of Kia-brand vehicles through a network of over 700 dealers throughout the United States from its headquarters in California. KMA also creates and distributes the warranties and other written materials that accompany the sale and lease of Kia-branded vehicles throughout the United States, and makes decisions concerning warranty coverage of customer vehicles when problems arise.

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.     Plaintiffs**

11.     Plaintiff **Thomas Copley**, a resident of Edmonds, Washington, owns a 2015 Hyundai Sonata. Plaintiff purchased the Class Vehicle for approximately $22,330 in January 2015 from Hyundai of Everett. Plaintiff has received no information from ZF-TRW or HMA regarding the defective and potentially dangerous Airbag Control Unit, and does not believe the defective parts have been repaired or replaced. Plaintiff would not have purchased the Class Vehicle, or would have paid less for it, had he known that the vehicle contained the ACU defect.

12.     Plaintiff **Marvin Coyner III**, a resident of Surprise, Arizona, owns a 2017 Kia Optima. Plaintiff Coyner purchased the Class Vehicle for approximately $18,000 in November 2017 from Rodeo Kia in Avondale, Arizona. Plaintiff has received no information from ZF-TRW or KMA regarding the defective and potentially dangerous Airbag Control Unit, and does not believe the defective parts have been repaired or replaced. Plaintiff would not have purchased the Class Vehicle, or would have paid less for it, had he known that the vehicle contained the ACU defect.

13.     Plaintiff **Elizabeth Evans**, a resident of Yuba City, California, owns a 2018 Kia Optima. Plaintiff purchased the Class Vehicle for approximately $23,000 in April 2018 from Geweke Ford-Kia in Yuba City, California. Plaintiff has received no information from ZF-TRW or KMA regarding the defective and potentially dangerous Airbag Control Unit, and does not believe the defective parts have been repaired or replaced. Plaintiff would not have purchased the Class Vehicle, or would have paid less for it, had she known that the vehicle contained the ACU defect.

### III.     JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), because the putative class numbers more than 100, the aggregate amount in controversy exceeds $5,000,000 excluding costs and interest, and at least one plaintiff and one defendant are citizens of different states. More than two-thirds of Class

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members reside in states other than the states of which Defendants are citizens. This Court has

supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants'

contacts are sufficient to subject them to personal jurisdiction in this District and/or because a

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this

District. Defendants have marketed, advertised, and sold the affected vehicles, including the

vehicle owned by Plaintiff Copley, and otherwise conducted extensive business, within this

District.

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16. HMA and KMA sold vehicles equipped with dangerously defective airbag

control units and then, along with ZF-TRW, the manufacturer and supplier of those defective

parts, concealed the true nature of these important safety systems and the vehicles that contained

them from consumers for years. Meanwhile, ZF-TRW continued to provide defective parts and

HMA and KMA continued to install them in Hyundai and Kia vehicles and sell them to

unsuspecting consumers.

**A.   The Airbag Control Unit Defect and Investigation**

17. An automobile airbag has one job: to operate as a safety device when vehicle

occupants are at risk of sustaining injuries in a collision. To work, an automotive airbag must

quickly and effectively deploy when required. In the Class Vehicles equipped with ZF-TRW

Airbag Control Units (ACU), a defective ACU may fail to deploy during a collision—the one

time an airbag is needed—due to electrical overstress (EOS).

18. EOS occurs when a specific electronic component (called an application specific

integrated circuit, or ASIC) experiences a voltage or current beyond its specified limit.[1] In effect,

---

[1] Matthew Schwartz, *Government Expands Airbag Investigation To Include More Than 12 Million Vehicles*, NPR (Apr. 24, 2019), https://www.npr.org/2019/04/24/716614132/government-expands-air-bag-investigation-to-include-more-than-12-million-vehicle (last visited May 2, 2019).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

it means that this component is overloaded by precisely the electrical signal from a crash sensor that is supposed to trigger airbag (and seatbelt pretensioner) deployment, instead resulting in an overloaded and useless ASIC.

19.     Failure of the ASIC due to this condition can prevent appropriate airbag and seatbelt pretensioner deployment just when these safety features are needed most. According to the National Highway and Traffic Safety Administration (NHTSA), ZF-TRW ACUs "may suffer electrical overstress due to harmful signals (electrical transients) produced by the crash event, causing the unit to stop working during the crash."[2]

20.     NHTSA has initiated a probe into the defect, which has caused airbags and seatbelt pretensioners to fail to deploy after collision in Hyundai and Kia vehicles. According to the Associated Press, these failures may have killed at least four people and injured another six.

21.     While the ACU was developed with electrical circuitry to protect the ASIC from electrical circuit-limit issues (such has the EOS condition described above), these protections are ineffective when they matter most as a result of the defect described here. The ACU is located inside the passenger compartment. The electrical wiring connecting the ASIC to sensors is located at the front of the vehicle. During a collision, that crash event "in and of itself" produces electrical signals, delivered from the sensors to the ACU via wiring that runs through the ASIC. The nature of the defect is that these signals—the signals that the ACU is supposed to interpret in order to trigger airbag and seatbelt pretensioner deployment—themselves overload and damage the ASIC and render the ACU useless, preventing airbag and seatbelt pretensioner deployment.[3]

22.     For consumers who own and lease the Class Vehicles, this defect poses a high risk of injury and likely decreases the value of vehicles purchased in part due to reasonable expectations of safety.

23.     Numerous complaints, injuries and deaths caused by this potentially deadly defect

---

[2] ODI Resume: Airbag ACU Electrical Overstress, NHSTA Office of Defects Investigation (Apr. 19, 2019), https://static.nhtsa.gov/odi/inv/2019/INOA-EA19001-2536.PDF [hereinafter ODI Resume].
[3] *Id.*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

sparked a series of investigations and recalls. Investigations of the airbag failures in Hyundai and Kia vehicles equipped with ZF-TRW ACU systems were initiated by HMA, KMA and ZF-TRW between 2011 and 2015, but none of the Defendants notified NHTSA about the potentially deadly defect until late in 2015, and even then failed to notify consumers.

24.     In March 2017, NHTSA opened an investigation involving the ZF-TRW ACU parts installed in HMA and KMA vehicles in order to discover why airbags and seatbelt pretensioners were not deploying in frontal collisions.[4]

25.     By 2018, safety recalls were issued by HMA and KMA for certain vehicles equipped with an airbag system in which the ACU was susceptible to EOS during certain frontal crash events. Because these recalls covered only a small portion of the Class Vehicles, they were ultimately misleading: a recall of numerous vehicles that purports to resolve a defect tends to lead owners of other, similar vehicles to believe that their vehicles are not affected. Here, though, the 2018 recalls did not come close to solving the entire problem.

26.     HMA's February 27, 2018 recall of 154,753 potentially affected Hyundai vehicles covered 2011 MY Hyundai Sonatas manufactured between December 11, 2009 and September 29, 2010.[5] On April 18, 2018, Hyundai expanded the recall to include an additional 425,305 MY 2012-2013 Sonata and 2011-2012 Sonata Hybrid vehicles.[6]

27.     KMA's June 1, 2018 recall of 507,587 potentially affected Hyundai vehicles covered 2010-2013 MY Kia Fortes manufactured between February 24, 2009 and August 31, 2012; 2011-2012 MY Kia Optima Hybrids manufactured between February 15, 2011 and August 31, 2012; 2010-2013 MY Kia Forte Koups manufactured between June 5, 2009 and August 31, 2012; 2011-2013 MY Kia Optimas manufactured between August 12, 2010 and August 31,

---

[4] Tom Krisher, *US expands probe into airbag failures to 12.3M vehicles*, The Associated Press (Apr. 23, 2019), https://www.apnews.com/0a9f1191d3624327a04865c590825229 (last visited May 2, 2019).
[5] Part 573 Safety Recall Report for NHTSA Recall No. 18V-137 (Feb. 27, 2018), https://static.nhtsa.gov/odi/rcl/2018/RCLRPT-18V137-5161.PDF.
[6] *2013 Hyundai Sonata, Airbags/Seat Belt Pretensioners may be Disabled Recall,* NHTSA (Feb. 27, 2018), https://www.nhtsa.gov/vehicle/2013/HYUNDAI/SONATA#recalls.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2012; 2011-2012 MY Kia Sedonas manufactured between March 3, 2010 and August 14, 2012.

28.     The recalled vehicles' ACU systems all contained a ZF-TRW ASIC susceptible to EOS during crash events. As the NHTSA Safety Recall reports describe the defect, "if the ASIC becomes damaged, the front airbags and seatbelt pretensioners may not deploy in certain frontal crashes where deployment may be necessary, thereby increasing the risk of injury." The reports further cite inadequate circuit protection as the cause of the defect.[7]  The investigations into the ACU system defects in these vehicles and the recalls they led to were sparked by four deaths and six injuries.[8]

29.     These 2018 recalls were only signs of a much broader and more insidious issue with ZF-TRW ACUs in Kia and Hyundai vehicles. On April 19, 2019, NHTSA's Office of Defects Investigation announced the expansion of its investigation into ZF-TRW ACUs in various MY 2010 to 2019 vehicles. The total population of vehicles equipped with hazardous and defective ACU systems, according to NHTSA, is more than 12.3 million in the U.S. alone.[9]

30.     Defendants HMA, KMA and ZF-TRW were aware or should have been aware of the extent of the ACU defects. Yet the 2018 recalls issued by HMA and KMA were limited and allowed for deadly and dangerous vehicles to stay on the road while leading these vehicles' owners or lessees to believe that the problem was being addressed in full, if they were aware of the limited recall at all.

**B.      Defendants Knew About the ACU Defect**

31.     As early as August 2011, Defendants were aware of an issue with the ACU system in ZF-TRW airbags. After a Kia Forte's airbags failed to deploy during a crash event in China, HMA's and KMA's parent company, through its parts and service arm, requested that supplier ZF-TRW analyze the incident. At the time, the cause of the event was described as a

---

[7] Part 573 Safety Recall Report for NHTSA Recall No. 18V-363 (June 1, 2018),
https://static.nhtsa.gov/odi/rcl/2018/RCLRPT-18V363-7061.PDF.
[8] Tom Krisher, *US probes 4 deaths in Hyundai-Kia cars when airbags failed*, The Associated Press (Mar. 17, 2018),
https://apnews.com/3ef0e4356d3b4478aaf4c5a66a363fb0 (last visited May 3, 2019).
[9] ODI Resume, *supra* note 2.

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

commanded nondeployment—that is, an incident in which the ACU processed the signals from the sensors that detected the crash and told the airbags not to deploy.[10]

32.     In February 2012, HMA was notified of a collision involving a 2011 Hyundai Sonata in which the airbags did not deploy, and enlisted ZF-TRW for assistance and explanation of the incident. Further inspection in June 2012 of the ACU showed that the ASIC component in the ACU had been damaged by an EOS condition.[11]

33.     In March 2012, ZF-TRW analyzed a Kia Forte crash in Egypt in which the airbags did not deploy, observing that the damage on the ASIC was consistent with EOS. Once again, the incident was described as a commanded nondeployment.[12]

34.     On May 17, 2012, ZF-TRW notified HMA's and KMA's parent company about the relationship between airbag and seatbelt pretensioner nondeployment and EOS, but by the end of 2012, nothing had been reported publicly.[13]

35.     In March 2014, a lawsuit was filed against KMA alleging nondeployment of frontal airbags in a 2012 MY Kia Forte. In July of the same year, KMA received and responded to an inquiry from NHTSA regarding the same incident.[14]

36.     Nearly a year went by before HMA, on February 15, 2015, and KMA, on May 6, 2015, requested airbag nondeployment data for vehicles (a Hyundai Sonata and Kia Forte) that experienced airbag nondeployments in accidents. This happened again in December 2015 with four more Kia Fortes. ZF-TRW once again observed damage to the ASIC components consistent with EOS.[15]

37.     Between March and June 2015, KMA attempted to download data from an ACU

---

[10] TRW Automotive Inc. (ZF) Chronology, NHTSA (last updated June 13, 2018), https://static.nhtsa.gov/odi/rcl/2018/RMISC-18E043-5831.pdf [hereinafter ZF Chronology].
[11] 573 Defect Information Report for Recall 174 Attachment A, NHTSA (last updated Apr. 18, 2018) https://static.nhtsa.gov/odi/rcl/2018/RMISC-18V137-8310.pdf [hereinafter Hyundai Chronology].
[12] Id.
[13] Id.
[14] Forte, Forte Koup, Optima, Optima Hybrid, Sedona ACU Chronology, NHTSA (last updated May 28, 2018), https://static.nhtsa.gov/odi/rcl/2018/RMISC-18V363-5570.pdf [hereinafter Kia Chronology].
[15] Id.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and was unable to communicate with the module. KMA requested ZF-TRW's help to obtain the data, and was again unsuccessful. An engineering consultant concluded that the front impact sensors ("FIS") were compromised before the airbag signal could be transmitted. KMA and ZF-TRW were aware that damage to the FIS compromised airbag response. That summer, ZF-TRW advised KMA that NHTSA was investigating a wide range of models with ZF-TRW ACUs due to the possibility of airbag and seatbelt pretensioner nondeployment.[16]

38.     An internal review by ZF-TRW and Kia from October 2015 to January 2016 led to the conclusion that:

> 1) power terminal and front impact sensors (FIS) did not reveal any issues related to airbag non-deployment; 2) inspection of wiring confirmed no issues with interior ACU power terminal and ground terminal circuit; and 3) FISs disconnected during crash event.[17]

39.     On February 5, 2016, ZF-TRW met with NHTSA to discuss the EOS issues observed on its ACUs and the consequential nondeployment of airbags and seatbelt pretensioners.[18] This same day, ZF-TRW advised KMA that it had provided information to NHTSA regarding all manufacturers that used the affected ACU and ASIC parts. According to NHTSA, that report from ZF-TRW includes unverified and incorrect information regarding Kia vehicles.[19]

40.     Shortly after, on February 25, 2016, ZF-TRW met with Hyundai and Kia in South Korea to discuss the continued investigation of EOS-related nondeployments and its interactions with NHTSA. At the meeting, KMA inquired of ZF-TRW whether an EOS-related defect caused any Kia airbag nondeployments. ZF-TRW advised that it had not[20], even though such events had been documented by ZF-TRW since March 2012—ZF-TRW's analysis of the March 2012 crash

---

[16] *Id.*
[17] *Id.*
[18] ZF Chronology, *supra* note 10.
[19] Kia Chronology, *supra* note 13.
[20] *Id.*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

event in Egypt noted that "damage on the ASIC [] is consistent with EOS."[21]

41.     On April 25 and 26, 2016, HMA requested that ZF-TRW analyze data from two more nondeployment events. ZF-TRW again attributed the damage on the ASIC to EOS.[22]

42.     Between May 24-26, 2016, executives of ZF-TRW, Hyundai, and Kia held another in-person meeting to discuss the ongoing EOS analysis and investigation. These groups met again on July 29, 2016 after ZF-TRW had another in-person meeting with NHTSA on July 19, 2016.[23] At that point, years after Defendants knew or should have known about the defect, or were reckless in not knowing about it, no information had been provided to consumers.

43.     The Defendants' slow response to a dangerous and potentially deadly problem for which they were responsible, regarding a technological issue about which they knew or should have known as far back as 2011, was insufficient. On September 23, 2016, NHTSA requested data for itself and consumers from ZF-TRW pertaining to its supply of ACUs with certain ASICs.[24]

44.     Between July and November 2016, HMA received two additional reports of collisions involving Hyundai Sonata vehicles in which ACUs and seatbelt pretensioners had not deployed. HMA reassessed the prior analyses of similar incidents and ZF-TRW once again confirmed the ACUs had been damaged internally by EOS. Despite this, and instead of acknowledging the problem, Hyundai concluded "that it was possible that [airbag] deployment was not warranted."[25]

45.     From November 3, 2016 to January 31, 2018, HMA and KMA requested data from ZF-TRW related to eight different events involving nondeployment of ACUs attributed to EOS in six Hyundai Sonatas and two Kia Fortes. But it was not until December 2017 that HMA engaged a third-party engineering firm to study and analyze the circumstances and facts

---

[21] ZF Chronology, *supra* note 10.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Hyundai Chronology, *supra* note 11.

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 11

surrounding ACU failures.[26]

46.    On information and belief, ZF-TRW was informed by HMA and KMA that NHTSA was requesting information about incidents involving defective ACUs and consequential airbag nondeployment in January/February 2018. During a meeting on February 21, 2018, Defendants noted that the circumstances associated with the defect mechanism bore many similarities to recall campaign 16V-668, where EOS was the root cause of airbag nondeployment during collisions in Fiat Chrysler vehicles that used ZF-TRW ACU parts.

47.    On February 22, 2018, "ZF-TRW asserted that EOS on the ACU could be caused by negative transients originating from certain vehicle components such as the wire harness connecting the ACU to the frontal crash sensors, and could be prevented by circuit protection installed in ACU's used by later model year (2013+) Hyundai Sonatas."[27] Defendants had been certain of the source of the defect and aware of a fix, yet deceived consumers about the extent of the issue in Class Vehicles with the same ACU systems, limiting its investigation and recall to Sonatas.

48.    After more than six years of investigations into the defective airbag sensor technology and only at the prompting of a deeper NHTSA investigation, HMA voluntarily recalled more than 154,000 2011 MY Hyundai Sonatas on February 27, 2018.[28] The recall Hyundai issued detailed:

> The subject vehicles are equipped with an Airbag Control Unit ("ACU") which detects a crash signal and commands deployment of the airbags and seatbelt pretensioner. In some airbag non-deployment allegations, electrical overstress ("EOS") was observed on an Application Specific Integrated Circuit ("ASIC") inside the ACU.[29]

49.    Between March 19, 2018 and March 28, 2018, HMA conducted seven crash tests developed by its internal Research and Development team and a third-party engineering firm.

---

[26] *Id.*
[27] *Id.*
[28] ZF Chronology, *supra* note 10.
[29] Part 573 Safety Recall Report for NHTSA Recall No. 18V-137, *supra* note 5.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

EOS damage to the ACU was replicated in three of the seven test crashes, with one of the confirmed EOS events resulting in ACU nondeployment.[30]

50.    This level of replicability, along with what ZF-TRW, HMA and KMA did (and failed to do) next, indicates several serious deficiencies in ZF-TRW, HMA and KMA's response to this defect. One is that a major safety defect that manifests in three out of seven tested vehicles should have been detected in durability and safety testing long before the Class Vehicles entered the market. A second is that once HMA and KMA became aware of the potential problem, testing would almost certainly have revealed the defect—but they waited at least six years before testing for the presence of this potentially deadly defect. A third is that any further delay represents an unconscionable failure to act to remedy the defect. More than a year after these conclusive tests, though, most Class Vehicles have not been recalled. At each step, Defendants delayed their response, concealed the defect, thereby continuing to endanger consumers.

51.    On April 11-12, 2018, three ACUs from the HMA crash test vehicles were analyzed by Hyundai, NHTSA and ZF-TRW representatives. In all three ACUs, an internal electrical short occurred on the 5-volt VCC line of the DS84 ASIC. One of the three ACUs contained visible evidence of EOS.[31]

52.    Years of ACU defects caused by EOS confirmed by ZF-TRW, along with multiple deaths and injuries, had not been enough to elicit prompt action on the part of Defendants. Finally, on April 18, 2018, after multiple crash tests and ongoing inquiries by NHTSA, Hyundai expanded the recall to include an additional 425,305 MY 2012-2013 Sonata and 2011-2012 MY Sonata Hybrid vehicles for the same defects.

53.    If anything, this should have been the canary in the coal mine for HMA and KMA to aggressively evaluate the safety hazards of their other vehicles also equipped with the same ZF-TRW ACUs.

---

[30] Hyundai Chronology, *supra* note 11.
[31] *Id.*

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

54.     Only after several more NHTSA-prompted data requests did Defendants begin to take action. Following NHTSA's announcement of its Preliminary Evaluation of Certain Hyundai and Kia vehicles instigated by reports of ACU and seatbelt pretension failure on March 16, 2018 (PE18-003); one NHTSA and three HMA requests for ZF-TRW data regarding three crash tests and one crash event in March and April; an Information Request issued to ZF-TRW by NHTSA seeking more information about its ACUs; and a NHTSA and KMA-prompted analysis request of ACUs from Kia Forte vehicles collected in NHTSA's investigation; KMA *finally* issued its first recall for 507,000 vehicles related to the same ACU defect on June 1, 2018.[32] This recall was for 2010-2013 MY Kia Fortes, 2011-2012 MY Kia Optima Hybrids, 2010-2013 MY Kia Forte Koups, 2011-2013 MY Kia Optimas, and 2011-2012 MY Kia Sedonas.

55.     Initially, KMA only agreed to recall the 2010-2013 Kia Forte and Forte Koup vehicles based on NHTSA's conclusion that the ACUs in these vehicles did not contain adequate circuit protection to prevent EOS from occurring during a crash event. On May 18, 2018, based on its engineering analysis of other Kia models equipped with the same ZF-TRW ACUs as the Forte and Forte Koup, KMA determined that NHTSA's conclusion also required the recall of 2011-2013 Optima, 2011-2012 Optima Hybrid and 2011-2012 Sedona, regardless of recorded ACU failures in those vehicles.[33] By this same logic, the presence of the same defective ZF-TRW ACU parts in other vehicle makes and models also warrants proper safety precautions to be taken by those responsible for creating the safety hazards.

56.     But even after these initial recalls, Defendants failed to tell consumers that certain new vehicles could be equipped with defective airbags and seatbelt pretensioners.

57.     NHTSA's statement on April 19, 2019 announced the expansion of its investigation of this ACU defect—the EOS condition in the ASIC—to more than 12.3 million

---

[32] ZF Chronology, *supra* note 10.
[33] Hyundai Chronology, *supra* note 11.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

vehicles, including additional HMA and KMA models.[34]

58.    Defendants were aware of the defects in their products, yet delayed reporting until the last possible moment. Even then, the vehicle recalls did not go far enough to adequately cover the affective vehicles and prevent more deaths and injuries from ACU defects from occurring. Defendants deliberately concealed ACU defects from the public as long as they could, worked together to conceal the true causes, and misrepresented the severity and breadth of the defect, abdicating their responsibility to prevent the possibility of death, injury and/or hazard that faced consumers.

## C.    Defendants Concealed the Defect

59.    Defendants misled consumers about the safety of their Hyundai- and Kia-branded vehicles. A reasonable consumer purchases a car assuming that in the unfortunate event of a collision, airbags and seatbelt pretensioners will deploy appropriately and as advertised, and seat belt mechanisms will function.

60.    Defendants advertised to consumers that the vehicles they were selling were safe and reliable despite the fact that for many years, Defendants knew that vehicles equipped with ZF-TRW ACU systems could potentially experience EOS upon impact.

61.    For example, Kia advertises that the 2019 Optima is equipped with standard safety features including Dual Front Seat Mounted Side Airbags and Front Seat-Belt Pretensioners.[35]



62.    For the 2018 Hyundai Sonata, Hyundai claims in a promotional video about safety features that "because the best way to handle an accident is to avoid being involved in one in the first place, the new Sonata offers some of the most innovative preventative safety

---

[34] ODI Resume, *supra* note 2.
[35] *2019 Kia Optima*, Kia Motors America, Inc., https://www.kia.com/us/en/vehicle/optima/2019/features (last visited May 10, 2019).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

technology around."[36] Nearly 1.25 million people die in road crashes each year—on average, 3,287 deaths per day.[37] Car manufacturers are responsible for protecting consumers from preventable injuries. But this is not the first time that these defendants have failed to uphold basic safety standards. HMA agreed to pay a $17.35 million fine to settle a NHTSA investigation into recall delays for 43,000 Genesis cars with brake defects in 2014. The same year, NHTSA said that Hyundai "must change the way they deal with safety-related defects." Hyundai promised improvements, but five years later, the safety of HMA vehicles is still in question.[38]

63.     Investigations into the EOS defect in the ZF-TRW ACU caused by EOS began in 2011. Defendants misrepresented the results of these investigations, often attributing the causes of ACU failures during crash events to "commanded nondeployment" or reporting that an event's results were still under investigation. But as long ago as August 2011, ZF-TRW concluded that damage on the ASIC was consistent with an EOS condition resulting from a crash-related signal. Ever since, Defendants misled and continue to mislead the public to believe that the cars equipped with the same ACUs, built with the same defective ASICs, will protect drivers and passengers in the unfortunate event of a collision.

64.     Defendants advertised and promised functional safety features in their vehicles and airbags, and consumers paid the price. Had the truth about the Class Vehicles been known by consumers, they would have reasonably made different purchasing choices.

## V.     CLASS ACTION ALLEGATIONS

### A.     Class Definitions

65.     Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves, the Nationwide Class, and State Classes,

---

[36] *2019 Hyundai Sonata, Video Tour*, Hyundai Motor America, https://www.hyundaiusa.com/sonata/index.aspx (last visited May 10, 2019).
[37] *Road Safety Facts*, Ass'n for Safe Int'l Road Travel, https://www.asirt.org/safe-travel/road-safety-facts/ (last visited May 10, 2019).
[38] David Shepardson, *U.S. probes air bag failures in deadly Hyundai, Kia car* crashes, Reuters (Mar. 17, 2018), https://www.reuters.com/article/us-autos-recall/u-s-probes-air-bag-failures-in-deadly-hyundai-kia-car-crashes-idUSKCN1GT0HD (last visited May 3, 2019).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

defined as:

**Nationwide Class:**

All persons or entities in the United States (including its territories and the District of Columbia) who purchased or leased a Class Vehicle.

66.     In addition to the Nationwide class, and pursuant to Federal Rules of Civil Procedure Rule 23(c)(5), Plaintiffs seek to represent the following State Classes as well as any subclasses or issue classes as Plaintiffs may propose and/or the Court may designate at the time of class certification:

**Arizona State Class:**
All persons or entities in the state of California who purchased or leased a Class Vehicle.

**California State Class**:

All persons or entities in the state of California who purchased or leased a Class Vehicle.

**Washington State Class:**
All persons or entities in the state of Washington who purchased or leased a Class Vehicle.

67.     Excluded from the Classes are individuals who have personal injury claims resulting from the conduct and defects alleged herein; Defendants and their subsidiaries, affiliates, and officers; all persons who timely elect to exclude themselves from the Classes; and the Judge to whom this case is assigned and his or her immediate family. Plaintiffs reserve the right to revise the Class definitions based on information learned through discovery.

68.     Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims regarding liability and entitlement to damages on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim. This action has been brought and may be properly maintained on behalf of the Nationwide Class and/or State Class proposed herein under Federal

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Rule of Civil Procedure 23.

69.     Plaintiffs reserve the right to modify the definition of the Nationwide and/or any State Class prior to class certification.

**B.     Class Certification Requirements**

70.     **Numerosity: Rule 23(a)(1):**  The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe, based on available information on the volume of sales and recalls of Class Vehicles, that there are no fewer than 500,000 members of the Class. The precise number of Class members may be ascertained from Defendants' records and vehicle registration records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notice.

71.     **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3):**  This action involves significant common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

A.     Whether Defendants engaged in the conduct alleged herein;

B.     Whether Defendants HMA and KMA designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

C.     Whether Defendant ZF-TRW designed, manufactured, and distributed defective ACU parts for installation in Class Vehicles;

D.     Whether the Class Vehicles have the defect alleged herein, and whether that defect constitutes a safety defect;

E.     Whether Defendants knew or should have known that the Class Vehicles contained defects as alleged herein;

F.     Whether a reasonable consumer would consider the defects alleged herein

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and their consequences material to the decision to purchase or lease a Class Vehicle;

G.      When Defendants discovered, knew, or should have known of the existence of the defects alleged herein;

H.      Whether Plaintiffs and the other Class members overpaid for their Class Vehicles as a result of the defects and Defendants' concealment thereof;

I.      Whether Defendants had a duty to disclose the true nature of the Class Vehicles to Plaintiffs and Class members;

J.      Whether Plaintiffs suffered out-of-pocket losses as a result of the defects alleged herein and whether they will suffer out-of-pocket losses as a result of any proposed recall;

K.      Whether Defendants omitted, concealed, and/or failed to disclose material facts about the Class Vehicles;

L.      Whether Defendants' concealment of the true nature of the Class Vehicles would have induced a reasonable consumer to act to his or her detriment by purchasing and/or leasing the Class Vehicles;

M.      Whether Defendants' conduct as alleged herein was likely to mislead a reasonable consumer;

N.      Whether the Class Vehicles are unfit for the ordinary purposes for which they were sold;

O.      Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class members;

P.      Whether Defendants' conduct tolls any or all applicable limitations period by acts of fraudulent concealment, application of the discovery rule, or estoppel;

Q.      Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief;

R.      Whether Plaintiffs and the other Class members are entitled to damages

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and other monetary relief and, if so, in what amount; and

S.     Whether Defendants continue to unlawfully conceal and misrepresent whether additional vehicles, besides those reported in the press to date, are in fact Class Vehicles.

72.     **Typicality: Rule 23(a)(3):**  Plaintiffs' claims are typical of the claims of the Class members whom they seek to represent under Federal Rule of Civil Procedure 23(a)(3), because Plaintiffs and each Class member purchased a Class Vehicle and were similarly injured through Defendants' wrongful conduct as described above. Plaintiffs and the other Class members suffered damages as a direct, proximate result of the same wrongful practices by Defendants. Plaintiffs' claims arise from the same practices and courses of conduct that give rise to the claims of the other Class members. Plaintiffs' claims are based upon the same legal theories as the claims of the other Class members.

73.     **Adequacy: Rule 23(a)(4).** Plaintiffs will fairly and adequately represent and protect the interests of the Class members as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiffs have retained counsel competent and experienced in complex class action litigation, including vehicle defect litigation and other consumer protection litigation. Plaintiffs intend to prosecute this action vigorously. Neither Plaintiffs nor their counsel have interests that conflict with the interests of the other Class members. Therefore, the interests of the Class members will be fairly and adequately protected.

74.     **Declaratory and Injunctive Relief: Rule 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

75.     **Superiority: Rule 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 20

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI.    EQUITABLE TOLLING

### A.    Discovery Rule

76.     Plaintiffs and Class members did not discover, and could not have discovered through the exercise of reasonable diligence, Defendants' deception concerning the defects alleged herein.

77.     Plaintiffs and Class members could not have discovered through the exercise of reasonable diligence that Defendants were concealing the defects alleged herein. Unless a Class member experienced a failure of the airbag system to deploy in a crash, Plaintiffs and Class members would have no reason to discover the defects alleged herein, and even if they did experience such a failure, would have no reason to discover the existence of a widespread defect and effort to conceal it.

78.     Plaintiffs and Class members therefore did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Defendants had concealed information about defects in the Class Vehicles until shortly before this action was filed.

79.     For these reasons, all applicable statutes of limitation have been tolled by operation of the discovery rule.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.     Fraudulent Concealment**

80.     All applicable statutes of limitation have also been tolled by Defendants' knowing, active and ongoing fraudulent concealment of the facts alleged herein. Defendants concealed the defects, minimized the cause, effects, and dangers of the defects, and failed to disclose or remedy the defects.

81.     Defendants have known of the defect since at least 2011, and subsequently learned more as reports of accidents in which airbags failed to deploy mounted and Defendants investigated. Defendants did not disclose the defect even to safety regulators until 2018, and even then concealed the true scope of the problem from regulators and consumers alike.

82.     As of May 10, 2019, NHTSA is investigating the problem, but neither ZF-TRW nor HMA or KMA have initiated a safety recall of the defective parts and vehicles.

83.     Thus, all applicable statutes of limitation have been tolled as result of Defendants' knowing, ongoing, and active concealment of the defect alleged herein.

**C.     Estoppel**

84.     Defendants were and are under a continuous duty to disclose to Plaintiffs and Class members the true nature of the Class Vehicles. Instead, they actively concealed the true and potentially dangerous character of the Class Vehicles. Plaintiffs and Class members reasonably relied on Defendants' misrepresentations and omissions of these facts, and Defendants are therefore estopped from relying on any statutes of limitation in defense of this action.

**VII.     CLAIMS FOR RELIEF**

**A.     Claims Asserted on Behalf of the Nationwide Class**

**COUNT I**
**BREACH OF IMPLIED AND EXPRESS WARRANTY**
**Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*)**

85.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

86.     Plaintiffs bring this Action on behalf of themselves and the Nationwide Class against HMA and KMA.

87.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332 (a)-(d).

88.     Plaintiff and members of the Class are "consumers" within the meaning of 15 U.S.C. § 2301(3).

89.     HMA and KMA are each a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4) and (5), respectively.

90.     The Class Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

91.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

92.     The amount in controversy of Plaintiff's individual claims meets or exceeds $25.00 in value.  In addition, the amount in controversy meets or exceeds $50,000 in value (exclusive of interest and costs) on the basis of all claims to be determined in this lawsuit.

93.     HMA and KMA provided Plaintiff and each member of the Class with "written warranties" and "implied warranties," as identified above, which are covered under 15 U.S.C. § 2301(6) and (7), respectively.

94.     The terms of these warranties became part of the basis of the bargain when Plaintiff and each member of the Class purchased their Class Vehicles.

95.     HMA and KMA have breached these warranties. The Class Vehicles are defective, as described above, which resulted in the problems and failures also described above.

96.     By HMA's and KMA's conduct as described herein, including knowledge of the defects inherent in the vehicles and HMA's and KMA's action, and inaction, in the face of the knowledge, HMA and KMA have failed to comply with their obligations under their written and implied promises, warranties, and representations.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

97.     Affording HMA and KMA a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile. At the time of sale or lease of each Class Vehicle, HMA and KMA knew, or should have known, of their misrepresentations and/or material omissions concerning the Class Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the design defect.  Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff or members of the Class resort to an informal dispute resolution procedure and/or afford HMA and KMA a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.  Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action, and are not required to give HMA and KMA notice and an opportunity to cure, until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

98.     In their capacity as warrantors, and by the conduct described herein, any attempts by HMA and KMA to limit the implied warranties in a manner that would exclude coverage of the defects is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective software and supporting systems is null and void.

99.     All jurisdictional prerequisites have been satisfied.

100.    Privity of contract is not required here because Plaintiffs and each member of the Class are intended beneficiaries of HMA's and KMA's implied and express warranties. The warranty agreements were designed for and intended to benefit consumers only. Finally, privity is also not required because the Class Vehicles are dangerous instrumentalities due to the defect alleged herein.

101.    As a direct and proximate result of HMA's and KMA's breach of the written and implied warranties, Plaintiff and each member of the Class have suffered damages.

102.    Plaintiffs, individually and on behalf of the Class, seek all damages permitted by law, including compensation for the monetary difference between the Class Vehicles as warranted

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and as sold; compensation for the reduction in resale value; the cost of purchasing, leasing, or renting replacement vehicles, along with all other incidental and consequential damages, statutory attorney fees, and all other relief allowed by law.

## COUNT II
## FRAUD BY CONCEALMENT

103.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

104.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class or, in the alternative, on behalf of the State Classes, against all Defendants.

105.    Defendants failed to disclose the defect in each of the Class vehicles and represented that the vehicles were equipped with airbags. Through advertisements, and other avenues, Defendants consistently represented that their vehicles were equipped with airbags. Any reasonable consumer would believe these representations to mean that the airbags were functional, not defective.

106.    Defendants concealed and suppressed the fact that the Class Vehicles had a defect in the ACUs since at least August of 2011, when the airbag non-deployment crashes were first attributed to damage of the ASIC by EOS. Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them. This was a material fact about which the Defendants had knowledge and that they concealed from Plaintiffs and Class members to mislead them.

107.    Plaintiffs and Class Members did not know this fact and could not have discovered it through reasonably diligent investigation.

108.    Defendants had a duty to disclose that the Defect existed in the AOC during an EOS or car collision because 1) the Defendants had exclusive knowledge of the material, the suppressed facts; 2) the Defendants took affirmative actions to conceal the material facts, including by not timely notifying NHTSA and consumers and by making partial representations

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 25

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

about the existence of airbags that were misleading without the disclosure of the fact that the Class Vehicles contained defects which made the airbags essentially ineffectual during a collision—the specific instance when effective airbags are needed.

109.   When each named Plaintiff decided to buy a Class Vehicle they received no information from ZF-TRW, KMA or HMA regarding the defective and potentially dangerous Airbag Control Unit. The failure to disclose the defect was consistent and pervasive. In advertising and materials provided with each Class Vehicle the ACU defect was uniformly concealed from Plaintiffs and consumers.

110.   Defendants intentionally concealed, suppressed and failed to disclose the ACU defect in the Class Vehicles and the nature of risk that the airbags would not deploy in an accident. The full and complete nature of the defect was concealed from Plaintiffs, Class members, and the general public. Defendants knew or should have known the true facts. And yet, at no time did any of the Defendants reveal the truth to Plaintiffs or the Class. Instead, each Defendant concealed the truth, intending that Plaintiffs and the Class would rely on their concealment, which Plaintiffs and the Class did.

111.   A reasonable consumer would not have expected that when a vehicle is advertised as equipped with airbags that the airbags would not deploy in real-world accidents. Plaintiffs and members of the Class did not know of the facts which were concealed from them by Defendants. Moreover, Plaintiffs and the members of the Class did not, and could not, unravel the deception on their own, because the only way to find out about the defect would be to experience a car accident in which the airbags did not deploy.

112.   Defendants had a duty to disclose the true nature of the defect in light of their representation that the vehicles were equipped with airbags because a reasonable consumer would believe that if a vehicle has airbags, the airbags would function when needed. Having volunteered information about the airbags, Defendants had the duty to disclose the whole truth.

113.   Although HMA acknowledged in 2018 to safety regulators that some of the ACUs

were defective, for years, the Defendants did not fully investigate or disclose the seriousness of the issue and in fact concealed and downplayed the widespread prevalence of the problem. ZF-TRW, by virtue of its direct participation in communications with NHTSA about the defect, was complicit in concealing the defect for years.

114.    On information and belief, Defendants have still not made full and adequate disclosures and continue to defraud Plaintiffs and the members of the Class by concealing material information regarding the defects in the ACUs and the likelihood that airbags will fail to deploy when needed.

115.    But for Defendants' fraud, Plaintiffs and the members of the Class would not have purchased the Class Vehicles, or would have paid less for them. Plaintiffs and members of the Class have sustained damage because they purchased vehicles that were not as represented and because they own Class Vehicles that should never have been placed in the stream of commerce because of their inherent safety risks, because the vehicles are diminished in value as a result of Defendants' fraud, and because the vehicles were not worth the full price paid at the time of purchase.. Accordingly, Defendants are liable to Plaintiffs and the members of the Class for damages in an amount to be proven at trial.

116.    Defendants' acts were done wantonly, maliciously, oppressively, deliberately with the intent to defraud and in reckless disregard of the rights of Plaintiffs and the Class and the safety of consumers and the public at large; and to enrich themselves through additional vehicle sales. Their misconduct warrants an assessment of punitive damages sufficient to deter such conduct in the future, which amount shall be determined according to proof at trial.

## COUNT III
## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

117.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

118.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Class, or in the alternative, Plaintiff Evans brings this behalf of the California Class, against all Defendants.

119.    California law applies to the Nationwide Class because the unlawful, unfair, or fraudulent acts and practices complained of emanated primarily from California, where HMA and KMA have their principal places of business.

120.    California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, prohibits any "unlawful, unfair, or fraudulent business act or practices."

121.    Defendants are "persons" within the meaning of Cal. Bus. & Prof. Code §17201.

122.    Defendants (1) failed to disclose and concealed the existence and nature of the ACU defect and the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them; (2) touted the safety of the vehicles through its marketing, advertising and broadly disseminated representations that the Class vehicles were safe and equipped with standard safety features including airbags, and (3) failed to promptly notify vehicle owners, purchasers and dealers of the defective Class Vehicles and/or defective ACUs. In so doing, the Defendants have engaged in at least the following unlawful, unfraudulent, and unfair business acts and practices in violation of the UCL:

> A.    by knowingly and intentionally concealing from Plaintiffs and other Class members that the Class Vehicles suffer from a design defect while obtaining money from Plaintiffs and Class members;

> B.    by marketing Class Vehicle as being equipped with standard safety features including airbags while failing to discuss that the ACUs have a defect;

> C.    by violating federal law, the Federal Motor Vehicle Safety Standard ("FMVSS") 573, which governs a motor vehicle manufacturer's responsibility to notify NHTSA of a motor vehicle defect, by failing to promptly notify vehicle owners, purchases, dealers and NHTSA of the defective Class Vehicles and/or the Defective ACUs installed in them and failing to remedy the defect. See 49 C.F.R. § 573.6.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

123.     Defendants' active concealment of the dangers and risks posed by the Class Vehicles and/or the Defective ACUs were material to Plaintiffs and Class members, and Defendants misrepresented, concealed, and failed to disclose and remedy the truth with the intention that consumers would rely on their misrepresentation, concealments and omissions. These acts were likely to mislead the public as to their defective nature, and did in fact deceive Plaintiffs, about material information. Had they known the truth, Plaintiffs and Class members who purchased or leased the Class vehicles would not have purchased or leased them, or would have paid significantly less for them.

124.     Defendants have engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL by knowingly and intentionally concealing the ACU defect in the Class Vehicles from Plaintiffs and Class members, as well as the risks of serious harm and monetary damage stemming therefrom. This information was material to Plaintiffs and Class members, just as it would be to any reasonable consumer.

125.     Defendants were in a superior position to know the true nature of the Class Vehicles and Plaintiff and Class members could not discover the true facts about the defects through ordinary and reasonable diligence. Defendnts had a duty to disclose the ACU defect because it constitutes a safety issue for drivers and passengers of Class Vehicles.

126.     Defendants' failure to disclose these facts violated the UCL, breached the duty to disclose, and injured Plaintiffs and Class Members. Plaintiffs and Class members could not have reasonably avoided these injuries.

127.     Plaintiffs and Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations, concealment and failure to disclose material information. Pursuant to Cal. Bus.  & Prof. Code § 17200, Plaintiffs and the Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and any such orders or judgments as may be necessary to restore Plaintiffs and Class members any money acquired by the unfair competition, including restitution and/or restitutionary disgorgement, as

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the California UCL.

128.     Plaintiffs request that this Court enter such orders or judgements as may be necessary to enjoin the Defendants from continuing their unfair, unlawful, and/or deceptive practices, as provided in Cal. Bus. & Prof. Code § 17203; and for such other relief set forth below.

## COUNT IV
## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
### (Cal. Civ. Code § 1750 *et seq.*)

129.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

130.     Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class, or in the alternative, Plaintiff Evans brings this cause of action on behalf of the California Class, against all Defendants.

131.     California law applies to the Nationwide Class because the unlawful, unfair, or fraudulent acts and practices complained of emanated primarily from California, where HMA and KMA have their principal places of business.

132.     Defendants are "persons" within the meaning of Cal. Civ. Code § 1761(c). Plaintiffs and Class members are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

133.     The California Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

134.     As described above and below, Defendants engaged in unfair or deceptive acts or practices that violated the CLRA by, among other things, representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard, quality, and grade when they are not; advertising Class Vehicles with the intent not to sell or lease them as advertised; and representing that the

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

subject of a transaction involving Class Vehicles has been supplied in accordance with a previous representation when it has not.

135.     In the course of their business Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them as described herein and otherwise engaged in activities with a tendency or capacity to deceive.

136.     Defendants also engaged in unlawful trade practices by representing that the Class Vehicles and/or the defective ACUs installed in them have characteristics, uses, benefits, and qualities which they do not have; representing that they are of a particular standard and quality when they are not; advertising them with the intent not to sell or lease them as advertised; and omitting material facts in describing them. Defendants are directly liable for engaging in unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the CLRA.

137.     Defendants have known of the Defect in the ACUs since at least August of 2011, when the airbag non-deployment crashes were first attributed to damage of the ASIC by EOS. Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them.

138.     By failing to disclose and actively concealing the defect in Class Vehicles and by marketing them as being equipped with airbags, and by presenting themselves as reputable manufacturers that value safety, Defendants engaged in unfair or deceptive practices in violation of the CLRA. Defendants deliberately withheld the information about the propensity of the defective ACUs to fail to deploy airbags and seat belt pretensioners in a crash event due to the ASICs being damaged by EOS, instead of protecting vehicle occupants from bodily injury during accidents, in order to ensure that consumers would purchase the Class Vehicles.

139.     Plaintiff and Class members had no way of discerning that Defendants had deceptively concealed this defect unless and until the defect manifests itself in a vehicle collision. Plaintiffs and Class Members could not unravel this deception on their own.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

140.     Defendants intentionally and knowingly misrepresented material facts regarding the Class Vehicles and or the defective ACUs with an intent to mislead the Plaintiffs and Class members.

141.     Defendants' actions constitute a violation of the CLRA. Defendants knew or should have known that their conduct violated the CLRA.

142.     Defendants failed to disclose material information about the safety and reliability of the Class Vehicles.

143.     To protect their profits and to avoid remediation costs, Defendants concealed the dangers and risks posed by the Class Vehicles and allowed unsuspecting consumers to purchase Class Vehicles and drive highly unsafe vehicles.

144.     Defendants owed Plaintiffs a duty to disclose the defect and its resulting safety risk because they:

A.     Possessed exclusive knowledge that they were supplying parts for, manufacturing, and distributing vehicles throughout the United States with dangerous defects;

B.     Intentionally concealed the dangerous defects from Plaintiffs and Class members; and/or

C.     Made incomplete representations about the safety and reliability of the Class Vehicles generally, while purposefully withholding material facts from the Plaintiffs and the Class that contradicted these representations.

145.     Defendants' unfair and deceptive acts or practices were likely to and did deceive reasonable consumers, including Plaintiffs, about the safety, and value of the Class Vehicles. A reasonable consumer would assume that if a vehicle was advertised as having airbags that the airbags would function properly when necessary. By contrast, Defendants advertised their vehicles as being equipped with airbags without disclosing the dangerous defect that could prevent the potentially lifesaving airbag from deploying in a vehicle collision.

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 32

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

146.    Plaintiffs and Class members have suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' concealment of and failure to disclose material information. Plaintiffs and Class members who purchased or leased Class Vehicles would not have done so at all, if their true nature was known.

147.    Meanwhile, Defendants had an ongoing duty to consumers to refrain from unfair and deceptive practices under the CLRA. All owners of Class Vehicles suffered ascertainable loss as a result of Defendants' deceptive and unfair acts and practices made in the course of Defendants' business.

148.    Defendants' violations present a continuing risk to Plaintiffs as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

149.    The Class Vehicles and the defective ACUs installed in them are inherently dangerous and present an unreasonable risk of harm and serious bodily injury to the Class, passengers, other motorists, pedestrians and the public at large, because the defective ACUs will not deploy lifesaving safety measures of airbags and seatbelt pretensioners, which increases the risk of serious bodily injury during accidents.

150.    Defendants knew the Class Vehicles and or the defective ACUs installed in them contained a defect that could cause failure to deploy of airbags and seatbelt pretensioners, but Defendants failed for many years to inform NHTSA of this defect. HMA, KMA, and ZF-TRW were each actively involved in the investigation of the defect, communicated directly with NHTSA, and failed to inform the public of the defect. Consequently, the public, including the Class, received no notice of the defect.

151.    As a direct and proximate result of Defendants' violations of the CLRA, the Class members have suffered an injury-in-fact and/or actual damage as a result of Defendants' acts and omissions in violation of the CLRA, and the violations present a continuing risk to the Class as well as the general public.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

152.    Plaintiffs further seek an order enjoining Defendants' unfair or deceptive acts or practices.

**B.      Claims Brought On Behalf of the State Classes**

### COUNT V
### VIOLATION OF THE SONG-BEVERLY WARRANTY ACT
### (Cal. Civ. Code § 1790 *et seq.*)

153.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

154.    Plaintiff Evans bring this Action on behalf of herself and the California Class, against HMA and KMA.

155.    Plaintiff and other Class members who purchased or leased the Class Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

156.    The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

157.    HMA and KMA are "manufacturer[s]" of the Class Vehicles with the meaning of Cal. Civ. Code § 1791(j).

158.    Cal. Civ. Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

        i.      Pass without objection in the trade under the contract description.

        ii.     Are fit for the ordinary purpose for which such goods are used.

        iii.    Are adequately contained, packaged, and labeled.

        iv.    Conform to the promises or affirmations of fact made on the container or label.

159.    HMA and KMA impliedly warranted to Plaintiffs and other Class members that its Class Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792, however, the Class Vehicles do not have the quality that a buyer would reasonably expect

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 34

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and are not fit for the ordinary purposes for which they were sold because the Class Vehicles and their air bags contained an inherent defect at the time of sale.  The Class Vehicles would not pass without objection in the automotive trade because they were equipped with defective ACUs. This defect may cause airbags to fail to deploy in a crash event, leading to an unreasonable likelihood of serious bodily injury or death to vehicle occupants.

160.   Because of the defect the Class Vehicles are not fit for the purpose of providing safe and reliable transportation. HMA and KMA knew or should have known the use for which the Class Vehicles were purchased – namely, providing safe and reliable transportation. HMA and KMA impliedly warranted that the Class Vehicles—and their air bags—manufactured, and distributed by HMA and KMA were of merchantable quality and fit for such use.

161.   The defective ACUs have deprived Plaintiffs of the benefit of their bargain and have caused the Class Vehicles to depreciate in value.

162.   HMA and KMA had notice of these issues, through customer complaints, numerous complaints filed against it and/or others, internal investigations and consumer communications.

163.   The Class Vehicles are not adequately labeled because the labeling fails to disclose the Defect. HMA and KMA failed to warn about the dangerous defect in the Class Vehicles.

164.   As a direct and proximate result of the HMA and KMA Defendants' breach of their duties under California's Lemon Law, Plaintiffs and the Class received goods whose dangerous condition substantially impairs their value. Plaintiffs and the Class have been damaged by the diminished value, defect, and non-use of their Class Vehicles.

165.   Because the Class Vehicles are defective, HMA and KMAs' actions breach the implied warranty that the Class Vehicles were of merchantable quality and fit for the use for which they were purchased and violated the Song-Beverly Warranty Act.

166.   Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiffs and the Class are entitled

to damages and other legal and equitable relief including, at their election, the purchase price of their Class Vehicles or the overpayment or diminution in value of their Class Vehicles.

167.    Under Cal. Civ. Code §1794, Plaintiffs and the Class are entitled to costs and attorneys' fees.

## COUNT VI
## VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT
### (Wash. Rev. Code §§ 19.86.010, *et seq.*)

168.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

169.    Plaintiff Copley brings this Action on behalf of himself and the Washington Class against all Defendants.

170.    Defendants, Plaintiffs, and Washington Class members are "persons" within the meaning of RCW § 19.86.010(1).

171.    Defendants are engaged in "trade" or "commerce" within the meaning of RCW § 19.86.010(2).

172.    The Washington Consumer Protection Act ("Washington CPA") makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

173.    In the course of their business, Defendants, through their agents, employees, and/or subsidiaries, violated the Washington CPA by intentionally or negligently concealing and suppressing material facts concerning the serious and dangers defect affecting Class Vehicles. Defendants concealed the truth about the defect and failed to make any effort to remedy the defect despite the fact that they knew or should have known about the defect for years.

174.    Plaintiffs and Class Members had no way of discerning that Defendants deceptively concealed the defect unless and until the defect manifests itself by failing to deploy airbags during a vehicle collision.

175.    Defendants' actions constitute a violation of the Washington CPA. Defendants

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  knew or should have known the nature of the defect.

2  176.    Defendants owed Plaintiffs a duty to disclose the defect and the resulting safety

3  risk because they:

4          A.      Possessed exclusive knowledge that they were supplying defective parts

5          for, manufacturing, and distributing vehicles throughout the United States with dangerous

6          defects;

7          B.      Intentionally concealed the defect from regulators, Plaintiffs, and Class

8          Members; and/or

9          C.      Made incomplete representations about the safety and reliability of the

10         Class Vehicles generally, while purposefully withholding material facts from the

11         Plaintiffs and the Class that contradicted these representations.

12  177.    Defendants' unfair and deceptive acts or practices were likely to and did deceive

13  reasonable consumers, including Plaintiffs, about the safety, and value of the Class Vehicles.

14  178.    Plaintiffs and Class Members have suffered ascertainable loss and actual damages

15  as a direct and proximate result of Defendants' concealment of and failure to disclose material

16  information. Plaintiffs and Class members who purchased or leased Class Vehicles would not

17  have done so at all, or would have paid significantly less for them, if their true nature was

18  known.

19  179.    Meanwhile, Defendants had an ongoing duty to all of their customers to refrain

20  from unfair and deceptive practices under the Washington CPA in the course of their business.

21  180.    Defendants' violations present a continuing risk to Plaintiffs as well as to the

22  general public. Defendants' unlawful acts and practices complained of herein affect the public

23  interest.

24  181.    Pursuant to RCW § 19.86.090, Plaintiffs and the Washington Class seek an order

25  enjoining Defendants' unfair and/or deceptive acts or practices, damages, punitive damages, and

26  attorneys' fees, costs and any other just and proper relief available under the Washington CPA.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Because Defendants' actions were willful and knowing, Plaintiff's damages should be trebled.
2    *Id.*

3                                    **COUNT VII**
         **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
4                   **(Wash. Rev. Code §§ 62A.2-314 and 62A.2A-212)**

5         182.    Plaintiffs incorporate by reference all preceding allegations as though fully set
6    forth herein.

7         183.    Plaintiff Copley brings this Action on behalf of himself and the Washington Class
8    against HMA and KMA.

9         184.    Defendants HMA and KMA are and were at all relevant times "merchants" with
10   respect to motor vehicles under RCW § 62A.2-104(1), and "sellers" of motor vehicles under
11   RCW 62A.2-103(d).

12        185.    With respect to leases, Defendants are and were at all relevant times "lessors" of
13   motor vehicles under RCW § 62A.2A-103(1)(p).

14        186.    The Class Vehicles are and were at all relevant times "goods" within the meaning
15   of RCW §§ 62A.2-105(1).

16        187.    A warranty that the Class Vehicles were in merchantable condition and fit for the
17   ordinary purpose for which vehicles are used is implied by law pursuant to RCW §§ 62A.2-314.

18        188.    Defendants HMA and KMA sold and/or leased Class Vehicles that were not in
19   merchantable condition and/or fit for the ordinary purpose for which they were sold-namely
20   providing safe and reliable transportation.

21        189.    HMA and KMAs' breach of the implied warranty of merchantability caused
22   damage to the Plaintiffs and Class Members who purchased or leased the defective vehicles. The
23   amount of damages will be proven at trial.

24                                   **COUNT VIII**
                            **WASHINGTON "LEMON LAW"**
25                   **(Wash. Rev. Code § 19.118.005, *et seq.*)**

26        190.    Plaintiffs incorporate by reference all preceding allegations as though fully set

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

forth herein.

191.    Plaintiff Copley brings this Action on behalf of himself and the Washington Class against HMA and KMA.

192.    Plaintiff Copley and members of the Washington Class own or lease "new motor vehicles" within the meaning of RCW §19.118.021(12), because these vehicles because these vehicles are self-propelled primarily designed for the transportation of persons or property over the public highways and were originally purchased or leased at retail from a new motor vehicle dealer or leasing company in Washington. These vehicles do not include vehicles purchased or leased by a business as part of a fleet of ten or more vehicles at one time or under a single purchase or lease agreement or those portions of a motor home designated, used, or maintained primarily as a mobile dwelling, office, or commercial space.

193.    Defendants HMA and KMA are "manufacture[s]" of the Class Vehicles within the meaning of RCW § 19.118.021(8) because they are in the business of constructing or assembling new motor vehicles or are engaged in the business of importing new motor vehicles into the United States for the purpose of selling or distributing new motor vehicles to motor vehicle dealers.

194.    Plaintiff Copley and the members of the Washington Class are "consumers" within the meaning of RCW § 19.118.021(4) because they entered into an agreement or contract for the transfer, lease, or purchase of a new motor vehicle, other than for purposes of resale or sublease, during the eligibility period as defined by RCW § 19.118.021(6).

195.    The Class Vehicles did not conform to their implied or express warranties as defined by RCW § 19.118.021(22), during the "eligibility period" defined by RCW § 19.118.021(6), or the coverage period under the applicable written warranty because the vehicles contained a dangerous defect. The defect substantially impaired the safety, use and market value of the Class Vehicles.

196.    HMA and KMA had actual knowledge of the nonconformities during warranty

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 39

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

periods. But the nonconformities continued to exist throughout this term, as they have not been fixed. Plaintiff and the class members are excused from notifying Defendants HMA and KMA of the nonconformities because they were already fully aware of the problem.

197.     HMA and KMA have had a reasonable opportunity to cure the nonconformities because of their actual knowledge of, creation of and failure to disclose the nonconformities, but have not done so as required under RCW § 19.118.031.

198.     For vehicles purchased, Plaintiff Copley and the Class demand a full refund of the contract price, all collateral charges, and incidental costs. RCW § 19.118.041(1)(b). For vehicles leased, Plaintiff Copley and the Washington Class demand all payments made under the lease including but not limited to all lease payments, trade-in value or inception payment, security deposit, and all collateral charges and incidental costs. Plaintiff Copley and the Washington Class also ask to be relieved of any future obligation to the lessor or lienholder. *Id*. Plaintiff and the Washington Class reject an offer of replacement and will retain their vehicles until payment is tendered.

## COUNT IX
## ARIZONA CONSUMER FRAUD ACT
### (Ariz. Rev. Stat. § 44-1521, *et seq.*)

199.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

200.     Plaintiff Coyner brings this Action on behalf of himself and the Arizona Class against all Defendants.

201.     The Defendants, Plaintiffs, and Class members are "persons" within the meaning of Ariz. Rev. Stat. § 44-1521(6). The Class Vehicles are "merchandise" within the meaning of A.R.S. § 44-1521(5).

202.     The Defendants were engaged in "sale[s]" within the meaning of A.R.S. §44-1521(7).

203.     The Arizona Consumer Fraud Act ("Arizona CFA") makes unlawful "any

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise." A.R.S. § 44-1522(A). HMA, KMA and ZF-TRW participated in deceptive acts, including fraud, concealment, suppression and omission, that violated the Arizona CFA. By failing to disclose and actively concealing the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them, HMA, KMA and ZF-TRW engaged in deceptive practices prohibited by the Arizona CFA.

204.    In the course of their business, HMA, KMA and ZF-TRW failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them as described herein and otherwise engaged in activities with a tendency and capacity to deceive. The Defendants used deception, used a deceptive act or practice, used fraud, and concealed, suppressed and omitted material information about the ACUs in the Class Vehicles and/or the Defective ACUs installed in them– namely Defendants failed to disclose that the ACUs were defective and posed a safety risk to consumers, Plaintiffs, and the public at large.

205.    Defendants omitted material facts in connection with the sale or advertisement of the Class Vehicles to increase sales of the Class Vehicles. Defendants intended that consumers, Plaintiffs and Class Members rely upon the deception and unlawful practice.

206.    As alleged herein, Defendants have known of the defect since at least August of 2011, including through ACU development, testing incidents, and public recalls. Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them.

207.    The Defendants knew or should have known that this conduct was prohibited by the Arizona CFA.

208.    By failing to disclose and by actively concealing the defect in the Class Vehicles and/or the defective ACUs installed in them, Defendants used deception in connection with the

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

sale or advertisement of merchandise in violation of the Arizona CFA. Defendants deliberately withheld the information about the propensity of the Defective ACUs, which may fail to deploy airbags and seat belt pretensioners in a crash event due to the ASICs being damaged by EOS, leading to an unreasonable likelihood of serious bodily injury or death to vehicle occupants, instead of protecting vehicle occupants from bodily injury during accidents, in order to ensure that consumers would purchase the Class Vehicles.

209.    In the course of Defendants' businesses, Defendants willfully failed to disclose and actively concealed the dangerous risks posed by the ASIC Defect discussed above. This deception was compounded by advertisements that the vehicles contained airbags (while not disclosing the known risks and defects associated with such airbags that consumers were unaware of). This had a tendency to mislead consumers and create a false impression of safety to consumers and was likely to deceive consumers about the safety and reliability of the Class Vehicles.

210.    Plaintiff Coyner and members of the Arizona Class suffered ascertainable loss caused by the Defendants' deceptive practice and failure to disclose material information concerning the defect. Had Plaintiff and Class members been aware of the defect that existed in the Class Vehicles and/or the defective ACUs installed in them Plaintiff Coyner and members of the Arizona Class either would not have paid as much for their vehicles or would not have purchased or leased them at all. Plaintiff Coyner and the Class did not receive the benefit of the bargain as a result of Defendant's misconduct.

211.    Plaintiff Coyner and the Arizona Class seek to recover actual damages in an amount to be determined at trial; an order enjoining the Defendants' deceptive practices; attorneys' fees; and any other just and proper relief available under Ariz. Rev. Stat. § 44-1528.

## COUNT X
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Ariz. Rev. Stat. §§ 47-2314 and 47-2A212)

212.    Plaintiffs incorporate by reference all preceding allegations as though fully set

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

forth herein.

213.   Plaintiff Coyner brings this Action on behalf of himself and the Arizona Class against HMA and KMA.

214.   HMA and KMA were at all relevant times "merchants" with respect to motor vehicles under Ariz. Rev. Stat. § 47-2104(A) and 47-2a103(c), and "sellers" of motor vehicles under §47-2103(A)(4).

215.   With respect to the leases, HMA and KMA are and were at all relevant times "lessors" of motor vehicles under Ariz. Rev. Stat. §47-2a103(A)(16).

216.   A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Ariz. Rev. Stat. §§ 47-2314..

217.   HMA and KMA sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty. The Class Vehicles were not in merchantable condition and were not fit for their ordinary purpose because the defect made them inherently dangerous.

218.   HMA's and KMA's breaches of the implied warranty of merchantability caused damage to Plaintiff Coyner and the Arizona Class. The amount of damages due will be proven at trial.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Nationwide Class and State Classes, respectfully request that the Court enter judgment against HMA, KMA, and ZF-TRW as follows:

A.   A declaration that any applicable statutes of limitations are tolled due to the fraudulent concealment alleged in this complaint, and that Defendants are estopped from relying on any statutes of limitations in defense;

B.   An order enjoining Defendants from continuing the unlawful, deceptive,

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fraudulent, and unfair business practices alleged in this Complaint;

C.      An award to Plaintiffs and Class Members of compensatory, exemplary, and punitive remedies and damages and statutory penalties, including interest, in an amount to be proven at trial;

D.      Injunctive and equitable relief in the form of a recall and program to repair, modify, and/or buy back all Class Vehicles, and to fully reimburse and make whole all Class members for all costs and economic losses;

E.      Costs, restitution, compensatory damages for economic and out-of-pocket costs, multiple damages under applicable states' laws, punitive and exemplary damaged under applicable law;

F.      A Defendant-funded program, using transparent, consistent, and reasonable protocols, under which out-of-pocket and loss-of-use expenses and damages claims associated with the defective ACUs in Class Vehicles can be made and paid so that Defendants, not Plaintiffs and Class members, absorb the losses and expenses fairly traceable to the recalls of the vehicles and correction of the defect;

G.      A declaration that the Defendants must disgorge, for the benefit of Plaintiffs and Class Members, all or part of the ill-gotten profits they received from their sale or lease of the Class Vehicles or make full restitution to Plaintiffs and Class members;

H.      All applicable statutory and civil penalties;

I.      An award of costs and attorneys' fees;

J.      An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

K.      Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

L.      Such other or further relief as the Court may deem appropriate, just, and

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

equitable.

## IX.     DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

DATED this 10th day of May, 2019.

KELLER ROHRBACK L.L.P.

By *s/ Lynn Lincoln Sarko*
By *s/ Gretchen Freeman Cappio*
By *s/ Ryan McDevitt*
By *s/ Erika Keech*
Lynn Lincoln Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Ryan McDevitt, WSBA #43305
Erika Keech, WSBA #45988
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel (206) 623-1900
Fax (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com
ekeech@kellerrohrback.com

*Attorneys for Plaintiffs*

COMPLAINT -- CLASS ACTION
(2:19-cv-00707) - 45

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384